United States District Court
Southern District of Texas
United States District Court
Southern District of Texas
**ENTERED**
May 30, 2019
David J. Bradley, Clerk

Deborah Mabry, §
§
　　　　Plaintiff, §
§
versus § Civil Action H-16-2818
§
Kroger Texas LP, §
§
　　　　Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

Deborah Mabry was grocery shopping at one of Kroger Texas LP's stores when she slipped on pasta sauce. She sued. She will not recover a *penne*.

2. *Background.*

While Mabry was shopping at a Kroger in Houston, she says that she slipped and fell on marinara sauce while browsing the pasta selection. She says that an employee named Audrey Eldridge was stocking the shelves of the pasta aisle – but she was not stocking sauce – when Mabry slipped.

The store manager had been walking the store when he was told of Mabry's fall. He had not seen any spilled sauce. He went to the pasta aisle and saw sauce, no bottle, and no Kroger employee. Further, no one named Audrey Eldridge was employed by this Kroger when Mabry fell.

Mabry swore that she had not seen the spilled sauce before she fell. Nor did she see any footprints, cart tracks, streaks, or other indicators of the spilled sauce's having been there long.

After, the manager inspected the area and interviewed employees. His interviews determined that no employee knew of the spilled sauce before Mabry fell.

3. *Premises Liability.*

This is a premises liability case. To succeed, Mabry must show that (a) a condition on Kroger's premises posed a risk, (b) Kroger knew of the risk, (c) Kroger

did not reasonably attempt to eliminate or reduce the risk, and (d) Kroger did not use reasonable care maintaining the floors, and these proximately caused Mabry's injuries.[1] Mabry can only show (a).

No employee knew of the spill. No customer told an employee about the spill. Kroger did not actually know of the spill.

Kroger did not have constructive knowledge of the spill. Constructive knowledge requires the hazard exist for a long enough time for the owner to discover it upon reasonable inspection.[2] Mabry carries the burden on this.

While the time of the hazard's existence can sometimes be established by circumstantial evidence, it cannot here. Mabry concedes that she did not know how long the sauce was on the floor and that it "couldn't have been that long."[3] By Mabry's own testimony, the spill did not exist long enough for an employee to know of it. Mabry may not impute knowledge to Kroger because the hazard did not exist long enough for a worker to discover spilled red sauce on the floor of a popular aisle. As a result, Mabry's case collapses.[4]

Because Kroger did not know of the hazard, it could not have cleaned it or warned it's customers.

Finally, Mabry cannot establish causation. Mabry's doctor could not give a definitive conclusion on how Mabry was injured because she did not get checked until eleven months after the fall. Mabry's fall at Kroger was in October 2015. Four months later, in January 2016, Mabry fell down stairs at her apartment after having been tripped by her dog. Her asserted injuries have not been shown to have been caused by her claimed fall at Kroger.

---

[1] *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

[2] *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814-15 (Tex. 2002).

[3] *See* Mabry Depo., at 156:10-25.

[4] *See Reece* at 816.

4.  *Conclusion.*

While the spilled sauce remains a mystery, we do know that Mabry was not reasonably attentive to her own well-being.

Because Mabry cannot show that Kroger is arguably liable, she will take nothing.

Signed on May 30, 2019, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge